UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TELEBRANDS CORP., <br><br> Plaintiff, <br><br> v. <br><br> EXCEPTIONAL PRODUCTS INC., <br><br> Defendant. | 11-CV-2252 <br><br> OPINION |

This matter comes before the Court on Defendant Exceptional Products Inc. ("EPI")'s motion to dismiss. Plaintiff Telebrands Corp. ("Telebrands") filed an action against EPI seeking, among other relief, a declaration of non-infringement. EPI seeks to dismiss the entire Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1]

For the reasons stated below, the Court will **deny the motion in part and grant it in part.**

## I.    Factual and Procedural Background

Telebrands and EPI are both direct marketing companies that market and sell a variety of consumer products. Telebrands sells an oral care product for pets known as DR. GEORGE'S PLAQUE BLAST; EPI sells a competitive product in association with the mark PLAQUE ATTACK (U.S. Trademark Registration No. 3,921,968). Both parties use video commercials that air on television to sell these competing products. According to the allegations of the Amended Complaint, on April 19, 2011, Stephanie Stewart, President of EPI, called AJ Khubani, President and Founder of Telebrands, and alleged that Telebrand's commercial selling its oral care product is a direct copy of EPI's commercial selling its oral care product. EPI's president allegedly further stated that EPI had a number of causes of action against Telebrands. The parties dispute the actual details of the conversation, although Ms. Stewart admits in her declaration that she called Khubani and "told

---

[1] EPI also nominally moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. But in its briefing, EPI makes no substantial arguments for dismissal under Rule 12(b)(6); rather, this Court understands all of EPI's arguments to relate to the scope of this Court's jurisdiction.

1

him that [she] perceived Telebrand's [sic] actions in trademarking and marketing Plaque Blast using a very similar commercial . . . to be hostile and inconsistent with the historically friendly competition within the business."

On April 20, 2011, Telebrands filed this action seeking declaratory relief. Thereafter, the parties attempted settlement. On June 20, 2011, EPI moved to dismiss the complaint, and Telebrands sought leave to amend. After Telebrands filed the Amended Complaint, EPI renewed its motion to dismiss.

## II.    Legal Analysis

### A. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. Where a defendant challenges the jurisdiction on the face of the complaint, the Court must assume the veracity of plaintiff's allegations; in contrast, a factual challenge to a Court's jurisdiction does not require a court to afford plaintiff's allegations the presumption of truthfulness. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977); *Dasrath v. Continental Airlines, Inc.*, 228 F.Supp.2d 531, 534 (D.N.J. 2002); *Med. Soc'y of New Jersey v. Herr*, 191 F.Supp.2d 574, 578 (D.N.J. 2002) ("A facial attack on jurisdiction is directed to the sufficiency of the pleading as a basis for subject matter jurisdiction," while a factual attack "calls into question the essential facts underlying a claim of subject matter jurisdiction."). In adjudicating a factual 12(b)(1) challenge, the court may consider affidavits, depositions, and testimony to resolve factual issues, and weigh the evidence to satisfy itself as to the existence of its power to hear the case. *Iwanowa v. Ford Motor Co.*, 67 F.Supp.2d 424, 438 (D.N.J. 1999).

EPI raises several issues that bear on whether this Court may or should exercise jurisdiction over this action: (1) whether, generally, an actual controversy exists between the parties; (2) whether the fact that EPI has not registered its copyright in the commercial defeats Telebrand's request for a declaratory judgment on that point; (3) whether Telebrand's allegations regarding unfair competition are sufficient to show that a controversy exists as to those claims; (4) whether settlement discussions have mooted the controversy; and (5) whether this Court should decline to exercise jurisdiction even if a sufficient controversy exists. The Court will consider each in turn.

### B. Actual Controversy under the Declaratory Judgment Act

EPI argues that no actual controversy exists between the parties and

therefore this Court lacks jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §2201(a). Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." To determine whether the allegations meet the actual controversy requirement of Section 2201(a), the Court must decide "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quotations omitted).

The facts alleged, taken in sum, show the existence of an actual controversy. The parties have adverse legal interests because they have potentially conflicting claims to certain, articulated intellectual properties. The controversy is substantial because it affects the business of both parties and their respective abilities to sell their products. And the controversy is of sufficient immediacy and reality because the events that could result in Telebrands incurring liability – the broadcast of the possibly infringing commercial and the sale of the potentially infringing products – have already occurred and indeed, continue to occur. *See, e.g.*, *Sea Tow Services Intern., Inc. v. Pontin*, 472 F. Supp. 2d 349, 357 (E.D.N.Y. 2007) (finding actual controversy exists where alleged infringement already occurred); *see also Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1336 (Fed. Cir. 2008) (holding that "whether there has been potentially infringing activity or meaningful preparation to conduct potentially infringing activity" is one important factor in determining whether actual controversy exists). And, the dispute regarding the precise content of that conversation aside, the fact that the President of EPI called the President of Telebrands and notified him of EPI's potential causes of action shows the immediacy and reality of the controversy.[2] The Court will deny EPI's motion on this point.

### C. Count I: Copyright Infringement

EPI argues that because it has not registered any copyrights in connection with its commercial, it could not sue Telebrands for infringement, and, therefore, the Court lacks jurisdiction over Telebrands's declaratory action for non-

---

[2] EPI emphasizes the reasonable apprehension test and relies heavily on cases applying the reasonable apprehension test in arguing that no actual controversy exists here. But in *MedImmune*, the Supreme Court expressly disavowed application of the reasonable apprehension test, and although the test may still prove useful in certain circumstances, *MedImmune* significantly lowers the bar for showing an actual controversy. *See Prasco*, 537 F.3d at 1336 (discussing how *MedImmune* altered actual controversy analysis).

infringement of the copyright. EPI is correct that a party may not state a prima facie case of copyright infringement where the party does not hold a registered copyright in accordance with 17 U.S.C. § 411(a). *Dawes-Lloyd v. Publish America, LLLP*, 2011 WL 3555427, at *1 (3d Cir. Aug. 12, 2011) (affirming dismissal of suit for copyright infringement). But the conclusion that this Court cannot exercise jurisdiction over Telebrands's declaratory judgment action does not flow from that premise.

In making this inferential leap, EPI relies on out-of-date case law, such as *Stuart Weitzman, LLC v. Microcomputer Resources, Inc.*, 542 F.3d 859 (11th Cir. 2008), holding that federal courts lack subject matter jurisdiction over copyright actions where the copyright was not yet registered. *See id.* at 863. As the Supreme Court of the United States made clear in *Reed Elsevier, Inc. v. Muchnick*, the registration requirement of Section 411(a) is not jurisdictional in nature. 130 S. Ct. 1237, 1247 (2010). That is, the absence of registration does not prevent a federal court from exercising jurisdiction over a copyright infringement suit. And so this pre-*Reed Elsevier* law is no longer controlling or even persuasive on this point.[3] In light of the fact that an actual controversy does exist here – and the fact that EPI could elect to register the copyright at any time and then commence suit – the Court rejects EPI's arguments regarding Count I and will deny the motion on this point.

### D. Count II: Unfair Competition

EPI also argues that Count II for unfair competition under New Jersey and Texas law must fail for two reasons: first, the claims are insufficiently specific in their allegations; and second, the Amended Complaint fails to allege that EPI made any specific threats regarding possible claims under unfair competition laws.

Although the Court does not agree with EPI's exact reasoning, EPI is generally correct that the allegations regarding Telebrands's unfair competition count, as currently plead, are inadequate. Under both New Jersey and Texas law, unfair competition is a broad category that subsumes specific causes of action. *See, e.g.*, *C.R. Bard, Inc. v. Wordtronics Corp.*, 561 A.2d 694, 696 (N.J. Super. Ct. Law Div. 1989) ("There is no distinct cause of action for unfair competition. It is a general rubric which subsumes various other causes of action."); *U.S. Sporting Products, Inc. v. Johnny Stewart Game Calls, Inc.*, 865 S.W.2d 214, 217 (Tex. Ct.

---

[3] And even if *Reed Elsevier* had not been decided, this Court is skeptical of the logical reasoning that led these courts to hold that Section 411(a)'s registration requirement determines subject matter jurisdiction over a declaratory judgment action. *See, e.g.*, 2-7 Nimmer on Copyright § 7.16[B][3][b][v] (criticizing holding of *Stuart Weitzman* and noting "even without *Reed Elsevier v. Muchnick's* clarification of ranking, the Eleventh Circuit's reasoning still seems plainly wrong, given that the registration requirement set forth in the statute explicitly applies only to 'an action for infringement of the copyright,' not to a declaration of rights under the Copyright Act.").

App. 1993) (noting "the difference between unfair competition as a general area of law and the specific causes of action that it subsumes."). In its briefing, Telebrands claims that its cause of action for unfair competition is based on potential common law trade dress infringement. But the allegations of Count II of the Amended Complaint are much broader, and Telebrands seeks a declaration that it "has not, and is not, engaging in *any* unfair competition with respect to its advertising, marketing, distribution, or sale of the DR. GEORGE'S PLAQUE BLAST product." (emphasis added). Not only is this pleading unnecessarily broad and vague, EPI is also correct that the allegations of the Amended Complaint do not suggest that the actual controversy actually extends to encompass all possible unfair competition claims under both Texas and New Jersey law. For these reasons, the Court will dismiss Count II of the Amended Complaint without prejudice.

### E.  EPI's Proposed Release and Forbearance

EPI argues that its settlement offers illustrate that it has no intent to sue Telebrands. Thus, EPI argues, even if an actual controversy existed at some point, it no longer does.

EPI is wrong. Assuming such evidence is admissible under Federal Rule of Evidence 408 – which it likely is, *see, e.g.*, *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1161-62 (9th Cir. 2007) – the proposed releases are insufficient to extinguish the controversy because they are just that – *proposed.* The threat of litigation looms until those settlements are consummated or this Court decides the parties' respective rights. Ruling otherwise would allow EPI to use the actual controversy requirement to play games with Telebrands, threatening to sue and then reneging on that threat once litigation has started to remove the controversy from the Court's jurisdiction.

EPI's cases to the contrary are not sufficiently analogous to be of any help to it. For example, in *Bruce Winston Gem Corp. v. Harry Winston, Inc.*, 2010 WL 3629592 (S.D.N.Y. Sept. 16, 2010), the district court found there was no actual controversy because no infringement had occurred and there was no evidence of meaningful adversity between the parties. *Id.* at *4-5. Here, Telebrands has already engaged in potentially infringing activity and EPI, through its President, has made clear its adversity to this activity. While a willingness to later settle the claim is promising, it is not sufficient to remove the controversy that has already blossomed. *Noble Fiber Techs., LLC v. Argentum Medical, LLC*, 2006 WL 1793219 (M.D. Pa. June 27, 2006), relies on the pre-*MedImmune* reasonable apprehension test, and so it is no longer persuasive authority on this point. And the intellectual property holder in *Indigodental GMBH & Co. KG v. Ivolclar Vivadent,*

5

*Inc.*, 2008 WL 5262694 (S.D.N.Y. Dec. 10, 2008), had not threatened litigation prior to when the plaintiff filed the declaratory judgment action. *See id.* at *2-3. Finally, in *Prasco*, there had been no accusation by the defendants of infringement – unlike the present case. *See* 537 F.3d at 1340 ("In contrast, here the defendants have not accused Prasco of infringement or asserted any rights to OSCION ™, nor have they taken any actions which imply such claims."). All of EPI's other cases fail for similar reasons. And the Court will deny the motion on this point.

### F.  Discretionary Exercise of Jurisdiction

Finally, EPI argues that even if an actual controversy exists, the Court should decline to exercise jurisdiction. EPI is correct that in deciding a declaratory judgment action the Court has discretion to decline jurisdiction over the action in its entirety or to decide some issues raised and refuse to rule on others. *Henglein v. Colt Industries Operating Corp.*, 260 F.3d 201, 210-11 (3d Cir. 2001). But in cases such as this – where there is no threat of piecemeal or duplicate litigation and no difficult issues of state law – declining to exercise jurisdiction is usually inappropriate. Indeed, "a court should only exercise such discretion if it determines that issuing a declaratory judgment would serve no useful purpose." *Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 560 (3d Cir. 1997). Here, a declaratory judgment would likely resolve the controversy and allow both parties to continue marketing their competing products without concerns of possible litigation surrounding intellectual property rights; thus, a declaratory judgment would serve an obviously useful purpose. And so the Court will exercise jurisdiction over this action.

## III.   Conclusion

For all the foregoing reasons, the Court will grant the motion in part and deny it in part. An appropriate order follows.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**
